1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL ANTHONY WATSON,                    Case No. 24-cv-01071-JST

                    Plaintiff,
8
                                                ORDER OF DISMISSAL WITH LEAVE
9            v.                                 TO AMEND; DENYING PENDING
                                                MOTIONS
10   PEOPLE OF CONTRA COSTA COUNTY
     SUPERIOR COURT,                            Re: ECF Nos. 2, 3, 4
11
                    Defendant.
12

13          Petitioner, an inmate currently housed at Correctional Training Facility ("CTF"), has filed

14   this *pro se* action.  *See generally* ECF No. 1.  His petition (ECF No. 1) is now before the Court for

15   screening pursuant to 28 U.S.C. § 1915A.  Also pending before the Court are the following

16   motions: "Motion: To be represented by Counsel by A Federal District Court. And Consent to

17   Video Visual In-Camera Arraingment," ECF No. 2; "Motion: To Abide by sufficiency of

18   Evidence Test and the Delay Reduction Rules of Arbitration," ECF No. 3; and "Motion to Ex.

19   Parte Preliminary Order to Show Cause Compulsory Arbitration Order," ECF No. 4.  Plaintiff has

20   been granted leave to proceed *in forma pauperis* in a separate order.

21                                      DISCUSSION

22   A.     Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

24   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

25   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

26   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

27   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

28   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

United States District Court
Northern District of California

1   989, 993 (9th Cir. 2020).

2       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

4   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

5   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

6   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

7   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

8   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

9   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

10  **B.     Petition and Attachments (ECF Nos. 1, 1-1, 1-2)**

11      Petitioner has filed a petition, ECF No. 1, and the following two attachments: (1) a

12  declaration, ECF No. 1-1; and (2) an affidavit pursuant to "Cal. State Const. Code § 3274 for

13  Relief/For the Violation of Private Rights," ECF No. 1-2. Generally speaking, the petition and the

14  attached pleadings are unclear and hard to follow. The Court has reviewed the pleadings carefully

15  and has discerned the following arguments.

16      The petition alleges that Respondent Contra Costa Superior Court has failed to exercise

17  "sound discretion" with respect to a habeas petition filed by Petitioner alleging invalidity pursuant

18  to "Fed. Civ. Rights Act of 1964 [2] § 2000a, § 7.01 [3] unfairness / humiliation / of racial"; that

19  Petitioner is seeking modification of, and to vacate, his prior conviction; that Petitioner seeks a

20  writ commanding Respondent to "Locknerization"; that Respondent has abused its discretion; and

21  that Petitioner requests that this Court issue a petition for writ of mandate "ordering the respondent

22  court to follow California Rules of Court, Rule 260(a) and issue an order to respondent, to show

23  cause why petitioner's, petition for writ of habeas corpus (exhibit A) should not be granted." ECF

24  No. 1 at 1-4. In the attached memorandum of points and authorities, Petitioner argues that he is

25  entitled to a writ of mandate pursuant to Cal. Civ. Proc. §§ 1085, 1086 and Cal. Rules Ct. 206(a)

26  that orders Respondent to show cause why his habeas petition should not be granted. There is no

27  attachment "Exhibit A" and no attached habeas petition. ECF No. 1 at 5-8.

28      The declaration appears to argue that Petitioner has suffered discrimination on the basis of

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    race, in violation of the Thirteenth Amendment; that this motion should be treated as a Fed. R.

2    Civ. P. 56 motion for summary judgment and that he should therefore be allowed to present to the

3    Court all relevant materials; that his prior conviction was improperly considered under "1385,

4    2018 (Fair and Just Sentencing Reform Act);" that the Three Strikes Act was improperly applied

5    to him; and that he is entitled to resentencing pursuant to AB 1790 eff. Jan. 14, 2002 and the

6    California Constitution.  ECF No. 1-1.

7          The affidavit appears to argue that Petitioner's 2013 sentence of 14 years consecutive to

8    150 years to life was excessive and unreasonable based on the "'Goldberg' Sentencing 2022

9    January 14 AB1790 Bill," and in violation of the Three Strikes Statute, and the Due Process

10    Clauses of the Fifth and Fourteenth Amendments; that Petitioner is entitled to resentencing under

11    Cal. Penal Code § 1385; and that Petitioner is entitled to amnesty because it is undisputed that the

12    conduct was not serious, the hugs were fully clothed, there was no skin to skin contact with the

13    victim, and there was no use of force.  ECF No. 1-2.  The affidavit also references Fed. R. Civ. P.

14    5.1, which sets forth the procedure to challenge a federal or state statute; however, the affidavit is

15    unclear as to what statute is being challenged.  ECF No. 1-2 at 4.  The affidavit also references

16    various rules, state and federal; and certain court cases, but it is unclear what arguments these

17    references support.  *See generally* ECF No. 1-2.

18    **C.**    **Dismissal with Leave to Amend**

19          The Court dismisses the petition for the reasons set forth below.

20          First, it is unclear whether Petitioner intended to file his petition in federal court or in state

21    court.  In the form petition, ECF No. 1 at 1–4, Petitioner references state courts and state court

22    proceedings.  The caption on the initial page states "In the Court of Appeals of the State of

23    California, First Appellate District," and the petition is directed to "The Honorable Presiding

24    Justice, Unknown, and the Honorable Associate Justice of the Court of Appeals of Contra Costa

25    County, State of California."  ECF No. 1 at 1.  The named respondent is the "People of Contra

26    Costa County Superior Court."  ECF No. 1 at 1-2.  The petition states that Petitioner filed a habeas

27    petition in the Contra Costa County Superior Court on February 13, 2024, regarding a criminal

28    action in which Petitioner is a defendant and which is currently pending in Contra Costa County

United States District Court
Northern District of California

1    Superior Court.  ECF No. 1 at 1-2.  The documents attached to the petition—(1) a memorandum

2    of points and authorities, ECF No. 1 at 5-8; (2) a declaration, ECF No. 1-1; and (3) an affidavit

3    pursuant to "Cal. State Const. Code § 3274 for Relief/For the Violation of Private Rights, ECF

4    No. 1-2—primarily reference state statutes.  For this Court to have jurisdiction over Petitioner's

5    suit against a California state agency, there must be federal question jurisdiction, i.e., an allegation

6    of a violation of federal laws or the federal Constitution.  28 U.S.C. § 1331.

7           Second, it is unclear what kind of action Petitioner seeks to file—a writ of mandamus, a

8    federal habeas petition, or another type of action altogether.  The main document is titled "Petition

9    for Writ of Mandate."  Yet Petitioner also appears to be seeking to modify or vacate his

10   conviction, ECF No. 1 at 3; references a violation of "Fed. Civ. Rights Act of 1964 [2] § 2000a,

11   § 7.01 [3] unfairness/humiliation/of racial," ECF No. 1 at 3; refers to this action as a petition for a

12   writ of habeas corpus, ECF No. 1 at 4 and 7, ECF No. 1-1 at 1; refers to this action as a "civil

13   rights actions," ECF No. 1-1 at 1; and refers to this action as a writ of coram nobis and as an

14   arbitration, ECF No. 2.

15          To the extent that Petitioner is seeking a writ of mandamus from this Court to compel

16   respondent Contra Costa Superior Court to take certain actions, such an action is frivolous as a

17   matter of law.  Federal district courts are without power to issue mandamus to direct state courts,

18   state judicial officers, or other state officials in the performance of their duties.  A petition for a

19   writ of mandamus to compel a state court or official to take or refrain from some action is

20   frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.

21   1991) (noting that petitioner's actions seeking to require state courts to accept his filings were

22   frivolous as matter of law because federal courts lack jurisdiction to issue writ of mandamus to

23   state court, citing to 28 U.S.C. § 1361); *Clark v. State of Wash*., 366 F.2d 678, 681 (9th Cir. 1966)

24   ("federal courts are without power to issue writs of mandamus to direct state courts or their

25   judicial officers in the performance of their duties"); *see also In re Campbell,* 264 F.3d 730, 731–

26   32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give

27   petitioner access to certain trial transcripts which he sought in preparation for filing state post-

28   conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial

4

officer to control or interfere with state court litigation).

To the extent that Petitioner is seeking to file a petition for a writ of habeas corpus, challenging his 2013 sentence and conviction, any such petition is likely barred as "second or successive" by 28 U.S.C. § 2244(b) because Petitioner previously challenged his 2013 conviction and sentence in the matter captioned *Watson v. Martinez,* Case No. 17-cv-0100-BLF.  This Court cannot consider a second or successive challenge to Petitioner's 2013 sentence and conviction unless Petitioner first obtains authorization from the Ninth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain second or successive petition unless petitioner first receives authorization from court of appeals).[1]

To the extent that Petitioner is asking the Court to instruct the state court how to handle a pending state court habeas petition, the Court is barred from doing so by the *Younger* abstention doctrine.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971).

The Court grants Plaintiff leave to file an amended petition to correct the identified deficiencies.

**D.      Miscellaneous Motions (ECF Nos. 2, 3, 4)**

Petitioner has also filed the following additional motions: (1) "Motion: to be represented by Counsel by a Federal District Court. And Consent to Video Visual In-Camera Arraignment,"

---

[1] If Petitioner is challenging the state court's denials of a petition seeking to strike or dismiss a sentencing enhancement, brought pursuant to Cal. Penal Code § 1385, such a challenge might not be considered a second or successive petition, depending on when Petitioner filed the Cal. Penal Code § 1385.  But a petition alleging that relief was improperly denied pursuant to Cal. Penal § 1385 would lack federal habeas jurisdiction, as a federal district court may only consider habeas claims that allege that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

United States District Court
Northern District of California

1    ECF No. 2; (2) "Motion: to Abide by Sufficiency of Evidence Test and the Delay Reduction Rules

2    of Arbitration," ECF No. 3; and (3) Motion to Ex. Parte Preliminary Order to Show Cause

3    Compulsory Arbitration Order," ECF No. 4.

4            **1.    ECF No. 2**

5            In ECF No. 2, Petitioner argues that he requires counsel pursuant to the Sixth Amendment,

6    and Cal. Civ. Proc. Code §§ 2, 1282.4; and that he is entitled to confidentiality pursuant Article

7    4(a).  ECF No. 2 also references Sections 1297.282, 1297.283.  The Sixth Amendment right to

8    counsel does not apply here.  The Court denies Petitioner's request for counsel.  ECF No. 2.  The

9    Sixth Amendment guarantees counsel to an accused undergoing criminal prosecution.  The

10   protections of the Sixth Amendment right to counsel do not extend to either state collateral

11   proceedings or federal habeas corpus proceedings.  *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir.

12   1993).  Here, Petitioner has already been prosecuted and convicted.  Regardless of how Petitioner

13   styles this action—a petition for writ of mandate, a writ of coram nobis, or a writ of error—this

14   action is, in essence, a collateral challenge to his conviction, and the Sixth Amendment therefore

15   does not apply.

16           Petitioner also references California statutes which provide that parties to an arbitration are

17   entitled to counsel.  Cal. Civ. Proc. Code § 1282.4.  This action is not an arbitration.  Generally

18   speaking, arbitrations are an alternative dispute resolution mechanism whereby disputes are

19   determined by an arbitrator outside of the court system.

20           **2.    ECF No. 3**

21           In ECF No. 3, Petitioner requests that the Court accept the "sufficiency evidence test, to

22   sustain in the guidelines for a grand jury of the defense" and seeks to proceed pursuant to the

23   Delay Reduction Act, which Petitioner alleges requires that this case be referred to arbitration

24   within 120 days of the complaint being filed.  ECF No. 3 at 1.  ECF No. 3 also references various

25   California state regulations, statutory codes, and constitutional provisions.  The Court denies the

26   request contained within ECF No. 3.  The appropriate evidentiary standard or legal standard to

27   apply depends on the action that is being brought and currently it is unclear what relief Petitioner

28   is seeking and what kind of action he is bringing.  Once the Court has determined whether

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    Petitioner may proceed in this Court, the Court will then determine the appropriate legal

2    standard(s) to apply to Petitioner's claims.  The Delay Reduction Act is presumably a California

3    state regulation, and does not govern this Court.  Finally, as explained above, an arbitration

4    generally does not take place within the confines of the court system.  To the extent that Petitioner

5    is seeking to have this action referred to a settlement program for early settlement proceedings,

6    that request is denied as premature.  At this point, it is unclear if this is the type of action which

7    can be referred to settlement.

8           **3.      ECF No. 4**

9           In ECF No. 4, Petitioner argues that the Court must recall his sentence pursuant to Cal. R.

10   Ct. 2.585(a) and Cal. Penal Code § 1171.1(b)(1).  Petitioner also appears to argue that he is

11   entitled to resentencing, and to assert that this Court has authority to review a state court criminal

12   conviction and sentence pursuant to the 1994 Conformity Act § 61, 28 U.S.C. § 1652, the "Rules

13   of Decisions Act of Federal Statute," and *Sandin v. Conner*, 515 U.S. 482, when, as Petitioner

14   alleges is the case here, a state court has taken action beyond its discretionary authority.  *See*

15   *generally* ECF No. 4.  The Court denies the request contained within ECF No. 4.  As explained

16   *supra*, to the extent that Petitioner is seeking to challenge his sentence and conviction, any such

17   petition is likely barred as "second or successive" by 28 U.S.C. § 2244(b), and, to the extent that

18   Petitioner is seeking resentencing pursuant to state regulations or state laws, the federal courts are

19   limited in their authority over state courts.

20                                        **CONCLUSION**

21          For the foregoing reason, the Court orders as follows.

22          1.       The Court denies the requests contained in ECF Nos. 2, 3, and 4.

23          2.       The Court dismisses the action with leave to amend.  If Petitioner wishes to file an

24   amended complaint or petition that addresses the deficiencies identified above, Petitioner must file

25   an amended complaint or petition within twenty-eight (28) days of the date of this order.  The

26   amended complaint or petition must include the caption and civil case number used in this order,

27   Case No. C 24-01071 JST (PR) and the words "AMENDED COMPLAINT" or "AMENDED

28   PETITION" on the first page.  If using the court form complaint, Petitioner must answer all the

questions on the form in order for the action to proceed. An amended complaint (or petition) completely replaces the previous complaints (or petitions). *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Petitioner must include in his amended complaint or petition all the claims he wishes to present and all of the defendants or respondents that he wishes to sue. Petitioner may not incorporate material from the prior complaint by reference. Failure to file an amended complaint or petition in accordance with this order in the time provided will result in this action being dismissed without further notice to Petitioner. The Clerk shall include two copies of the court's form civil rights complaint and two copies of the court's form petition for a writ of habeas corpus with a copy of this order to Petitioner.

This order terminates ECF Nos. 2, 3, and 4.

**IT IS SO ORDERED.**

Dated:  September 27, 2024



_____
JON S. TIGAR
United States District Judge